IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Mario R. Garmoo,<br><br>　　　　　　　　　　　Defendant. | Case Nos. 1:19-cr-00090 |

ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]　THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on January 21, 2025. Doc. No. 85. The United States filed a Response on January 27, 2025. The Defendant did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2]　The Court sentenced the Defendant to 180 months of imprisonment after he pled guilty to Counts One and Two of the Indictment that charged him with (1) Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone and (2) Possession with Intent to Distribute Oxycodone. Doc. No. 57. The Defendant asks the Court to retroactively apply Amendment 829 to the Sentencing Guidelines, which became effective on November 1, 2024. Doc. No. 85.

[¶3]　Section 3582(c)(2) of Title 18 of the United States Code is that statute that gives the Court authority to reduce a defendant's sentence. This authority, however, is not unlimited and only applies when (1) a defendant's sentencing range has been lowered after the defendant's sentencing hearing by an act of the Sentencing Commission and (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 829 altered Section 5H1.1 (Age) of the United States Sentencing Guidelines to stress

- 2 -

a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G., Supplement to Appendix C, Amendment 829 (Nov. 1, 2024).

[¶4]  The Defendant's request fails at the first step. Nothing in Amendment 829 affects the Defendant's sentencing range. It only authorizes the Court to consider a downward departure due to the Defendant's youthfulness at the time of offense was committed or when his prior offenses were committed. In other words, Amendment 829 is only relevant if the Court were to consider a sentence outside the applicable guidelines range at the time of sentencing. The Defendant's guidelines range is unaffected by Amendment 829, so the Court lacks authority to reduce his sentence. See 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 825–26 (2010) ("It is also notable that [Section 3582(c)(2)] applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission.").

[¶5]  Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶6]  **IT IS SO ORDERED.**

DATED February 27, 2025.

Daniel M. Traynor, District Judge
United States District Court